CAROLINE L. POST

v.

FIRST NATIONAL BANK.

*Mortgages—Power of Married Woman to Execute Mortgage to Secure
Debt of Husband—Consideration—Duress.*

1.   A mortgage upon real estate situate in Illinois, is to be tested by the laws of Illinois, and not by the laws of the mortgagor's domicile.

2.   Under the law of Illinois a married woman can mortgage her property for the purpose of securing her husband's debts.

3.   A consideration passing from the mortgagee to the husband is a sufficient consideration for such mortgage.

4.   The evidence fails to show that duress was used to secure the execution of the mortgage in question.

5.   The action of the court below in reforming the description of the mortgage was authorized by the evidence.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. GROSS & BROADWELL, for appellant.

Mr. J. H. MATHENY, JR., for appellee.

CONGER, P. J.    This was a suit in equity to correct the description in and to foreclose a mortgage made by appellant to appellee on November 26, 1887.    The mortgage was executed in the State of Texas, and was upon certain property in Springfield, Illinois.   Appellant answered the bill, interposing the following grounds of defense:

First.    A want of capacity on her part, she being a married woman, according to the laws of Texas the place of her domicile, to become surety for her husband, and a failure to acknowledge the mortgage separate and apart from her husband, as required by the laws of Texas.

A sufficient answer to this objection is that the mortgage is to be tested by the laws of Illinois, the place where the mortgaged property is situated.   See West v. Fitz, 109 Ill. 425; Story on the Conflict of Laws, Secs. 424–463; McGoon v. Scales, 9 Wallace, 23; Doyle v. McGuire, 38 Iowa, 410; Frierson v. Williams, 57 Miss. 451; Bissell v. Terry, 69 Ill. 184.

That appellant could execute the mortgage in question for the purpose of securing her husband's, or other persons' debts by the laws of Illinois, we think, admits of no doubt.    Rev.

Stat. Chap. 68, Secs, 6 and 9; Snell v. Snell, 123 Ill. 403; Edwards v. Shoeneman, 104 Ill. 278.

Second. It is next insisted that there was no sufficient consideration to support the mortgage. It is enough, if a sufficient legal consideration passed from the bank to Mr. Post, her husband, without any direct benefit to her. Edwards v. Shoeneman, *supra*. The bank held Mr. Post's note for a prior indebtedness for $9,922.20, and it was agreed between the bank and Mr. Post that the new note which he gave for $8,000, and which Mrs. Post secured by her mortgage, should, when paid, discharge his entire indebtedness evidenced by the former and larger note. This was a sufficient consideration to sustain the mortgage.

Third. It is insisted that improper means, amounting to duress and undue influence, were employed to induce her to execute the mortgage. We have very carefully considered all the evidence upon this point and do not think this charge is sustained. To give anything like a clear view of this point, would require a review of almost the entire evidence. Appellant may have thought, as she says, that she was executing the mortgage to prevent the arrest of her husband upon a criminal charge, but we think it is clear from the evidence that the only threats used by Weber, the agent of appellee, were that he would proceed by attachment against the property of her husband and son to attempt to secure the claim. Both herself and her husband, if they did not understand their legal rights, and were unwilling to take the opinion of appellee's attorneys, in whose office the mortgage was executed, could have advised with others. It can not be regarded as duress, when a husband and wife of more than ordinary intelligence and information, under no restraint, at perfect liberty to obtain legal advice as to their rights, execute a mortgage under the mistaken idea that the husband is to be arrested upon a criminal charge, when in fact the only threats used were that attachment proceedings would be instituted to enforce a claim.

The last point made by the defense is that the court erred in reforming the description of the property in the mortgage.

We think the evidence sufficient upon this point, and that no error was committed by the court in this respect.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*