CAROLINE L. POST

v.

THE FIRST NATIONAL BANK OF SPRINGFIELD.

*Filed at Springfield November 2, 1891.*

1. MORTGAGE—*executed in another State—validity, as to wife's land in Illinois.* A mortgage executed by a husband and wife in the State of Texas, on the wife's land situate in this State, to secure the debt of her husband, being a contract to be wholly performed in this State, is sufficient if it is valid by the laws of this State.

2. SAME—*land in this State—acknowledgment in another State.* A mortgage of land in this State acknowledged in another State in conformity with our laws is admissible in evidence in our courts, and the uncorroborated testimony of the mortgagor that he or she did not acknowledge the same in the manner recited in the certificate of acknowledgment is not sufficient to overcome such recitals.

3. SAME—*by married woman—to secure debts of her husband—executed in another State.* Under the laws of this State a married woman may mortgage her separate property situate in this State, to secure the indebtedness of her husband ; and such a mortgage, though executed in another State, is valid, if executed and acknowledged pursuant to the laws of this State.

4. ACCORD AND SATISFACTION—*accepting less sum secured, for larger sum unsecured.* The agreement of a creditor with his debtor to accept a less sum secured, for a larger sum unsecured or differently secured, is a good accord and satisfaction.

5. MISTAKE—*materiality.* Where a mistake in a mortgage of real estate corrected by a decree of the court, consists only in the use of certain repugnant terms after a sufficiently accurate description of the property, which would be rejected by the courts in construing the mortgage, the correction is one which can work no harm.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county ; the Hon. JACOB FOUKE, Judge, presiding.

Messrs. GROSS & BROADWELL, for the appellant:

It will be presumed, in the absence of evidence to the contrary, that the common law prevails in Texas. *Crouch* v.

*Hall*, 15 Ill. 263; *Ellis* v. *Maxson*, 19 Mich. 186; *Van Ingen* v. *Brabrook*, 27 Ill. App. 401.

By the laws of Texas the deed of the wife is void unless the certificate of acknowledgment shows a privy examination. (*Rice* v. *Peacock*, 37 Texas, 392.) The mortgage of the wife being executed in Texas, if void there is void everywhere. Story on Conflict of Laws, secs. 65, 66 a; 3 Am. and Eng. Ency. of Law, 573; *Kelly* v. *Davis*, 28 La. 773; *Hyde* v. *Goodnow*, 3 Com. 269.

The validity of a married woman's contract is determined by the law of the State where made.  *Nixon* v. *Halley*, 78 Ill. 611; 2 Parsons on Contracts, 570; Story on Conflict of Laws, sec. 243.

When a surety enters into the engagement subsequently to the original contract, it must be supported by a new consideration.  *Cassell* v. *Morrison*, 8 Bradw. 178; *Joslyn* v. *Collinson*, 26 Ill. 61; *Jones* v. *Ritter*, 32 Texas, 717; *Heatherington* v. *Hixon*, 46 Ala. 297; Brandt on Suretyship, sec. 6; *Bridges* v. *Blake*, 106 Ind. 332.

As to threats and duress, see 6 Am. and Eng. Ency. of Law, 57, 93; 1 Parsons on Contracts, 395; *Eaddie* v. *Slimmon*, 26 N. Y. 9; *Bank* v. *Bryan*, 62 Iowa, 42; *Wiley* v. *Princes*, 21 Texas, 641; *Bank* v. *Copeland*, 18 Md. 305; 2 Pomeroy's Eq. 951; Devlin on Deeds, sec. 100.

In *Shay* v. *Pettes*, 35 Ill. 360, it is said: "To justify the reformation of an instrument on the ground of mistake, the evidence should be clear, free from suspicion and entirely satisfactory." 2 Pomeroy's Eq. sec. 859.

The burden of proof is on the plaintiff, and he must prove his case beyond a reasonable doubt. 2 Pomeroy's Eq. sec. 859; *Hunter* v. *Bilyeu*, 30 Ill. 228.

Mr. J. H. MATHENY, Jr., for the appellee:

A mortgage upon land is to be tested solely by the laws of the State where the land is situated. *McGoon* v. *Scales*, 9

Wall. 23; *United States* v. *Crosby,* 7 Cranch, 115; Story on Conflict of Laws, secs. 424, 463; 3 Washburn on Real Prop. p. 238, sec. 3; *Frierson* v. *Williams,* 57 Miss. 462; *West* v. *Fitz,* 109 Ill. 425.

The doctrine of the exclusive application of the *lex rei sitæ* applies to executory contracts. (*Bissell* v. *Terry,* 69 Ill. 184.) It governs forms and solemnities. (*Bissell* v. *Terry,* 69 Ill. 184; *United States* v. *Crosby,* 7 Cranch, 115; Story on Conflict of Laws, sec. 424; 4 Kent's Com. 502, note b.) And it applies with all its force to mortgages. Thus, in Wharton on Conflict of Laws, (sec. 286,) it is said that a mortgage of a married woman's separate property for her husband's debt is valid in this State. *Edwards* v. *Shoeneman,* 104 Ill. 278; *Wilhelm* v. *Schmidt,* 84 id. 183.

There was ample consideration for the mortgage. *Edwards* v. *Shoeneman,* 104 Ill. 278; *Buchanan* v. *Bank,* 78 id. 500; *Burch* v. *Hubbard,* 48 id. 164.

A certificate of acknowledgment affords stronger evidence than the testimony of the grantor denying. *Kerr* v. *Russell,* 69 Ill. 666; *Lickman* v. *Harding,* 65 id. 595; *Fitzgerald* v. *Fitzgerald,* 100 id. 385; *Russell* v. *Baptist Union,* 73 id. 337; *Canal Co.* v. *Russell,* 69 id. 426.

If necessary, a married woman's deed or mortgage, made since the passage of the enabling acts, may be reformed in chancery in the same manner and on the same proof as that of any other person. *Edwards* v. *Shoeneman,* 104 Ill. 278; *Snell* v. *Snell,* 123 id. 403.

If the promise to give a smaller sum is accompanied by additional security, the consideration makes valid the promise to accept this sum in full. 2 Parsons on Contracts, 687. See, also, *Little* v. *Hobbs,* 34 Me. 357; *Keeler* v. *Salisbury,* 33 N. Y. 648; *Steineman* v. *Magnus,* 11 East, 390; *Maddux* v. *Bevan,* 39 Md. 485; *Boyd* v. *Hitchcock,* 20 Johns. 76; *Singleton* v. *Thomas,* 73 Ala. 205; *Mason* v. *Campbell,* 27 Minn. 54; *Gunn* v. *McAden,* 2 Ired. Eq. 79; *Mason* v. *Campbell,* 27 Minn. 54.

Mr. Justice Scholfield delivered the opinion of the Court:

This is a bill in chancery, exhibited by appellee, against appellant and her husband, Charles R. Post, and others, to correct a mistake in and to foreclose a mortgage. The defenses interposed are, first, the note purported to be secured by the mortgage is that of appellant's husband, Charles R. Post, only, for the payment of which she is not otherwise liable than as she may have become so by the execution of this mortgage. The mortgage was executed in the State of Texas, the law whereof, she contends, controls as to the validity of the mortgage; and she further contends that, under that law, (1) she could not make a valid mortgage to secure her husband's note, and (2) to have executed any valid mortgage, she, as a married woman, must have acknowledged it privily and apart from her husband, which was not done when this mortgage was attempted to be acknowledged; second, that the mortgage was executed without any consideration on her part; third, that she was induced to execute the mortgage by "threats, intimidation and undue influence;" and fourth, that the evidence does not warrant the correction of the mistake. The circuit court, on hearing, found against each of these defenses, and decreed in conformity with the prayer of the bill, and these findings and this decree were, on appeal to that court, affirmed by the Appellate Court for the Third District.

In the opinion filed by the Appellate Court it is held, first, that although the mortgage was executed in the State of Texas, yet, inasmuch as it affects only lands in this State, and is therefore a contract intended to be wholly performed in this State, it is sufficient if it is valid by the laws of this State, and that it is valid by the laws of this State, because, here, a married woman may mortgage her separate property to secure indebtedness of her husband, and this mortgage appears to have been executed and acknowledged pursuant to the requirements of our law; second, that there was a sufficient consid-

eration to support the mortgage; third, that the evidence failed to satisfactorily prove that appellant was induced to execute the mortgage by "threats, intimidation and undue influence;" and fourth, that the evidence was sufficient to warrant the correction of the mistake.    See *Post* v. *First Nat. Bank of Springfield,* 38 Ill. App. 259.

The same printed arguments that were filed in the Appellate Court are re-filed in this court, and the only supplementary arguments presented to us are in reference to the second of these rulings.

The authorities cited by the Appellate Court so fully sustain its ruling on the first point that additional authorities need not be cited in that behalf.    The mortgage having been acknowledged in conformity with the law of this State, is admissible in evidence in our courts.    (*Dawson* v. *Hayden et al.* 67 Ill. 52.)    And the uncorroborated evidence of the mortgagor that she did not acknowledge the mortgage in the manner recited in the certificate of acknowledgment, is not sufficient to overcome those recitals.    *Fitzgerald* v. *Fitzgerald et al.* 100 Ill. 385.

Upon the third point the evidence is conflicting.    The testimony of appellant's husband, Charles R. Post, who alone speaks directly to threats of criminal prosecution, is contradicted by that of Weber.    Both appellant's husband and appellant are shown to be more than usually intelligent.    He was a business man of large experience, and while failing physically, seems to have retained all of his mental vigor.    After agreeing to have the mortgage executed, and for more than an hour before its execution, he was away from and entirely beyond the control of any one representing appellee, where legal counsel was accessible, and it is not pretended that he was in ignorance of any material fact affecting the transaction, or that he was, in any way, attempted to be restrained in his movements to seek counsel, or while in pursuit of any other purpose; and when, soon after the execution of this mortgage,

making complaint to the president of appellee of the manner in which he had been treated, he did not then pretend that he thought he was under any duress at the time of the transaction. These circumstances are cogent in supporting the testimony directly contradicting the testimony in favor of appellant on this point, and, the whole evidence being considered, it is impossible for us to say that the lower courts were in error in ruling upon it as they did.

With regard to the fourth point, it is enough to say that the mistake in the mortgage corrected by the decree consisted, only, in the use of certain repugnant terms, after a sufficiently accurate description of the property mortgaged, and which would be rejected either by a court of law or a court of equity in construing the mortgage, under the maxim of *falsa demonstratio non nocet*, and so appellant is not harmed by the correction.    Tiedeman on Real Prop. 829.

The contention in regard to the second point is this : The $8000 note secured by the mortgage was given pursuant to an agreement that when it should be paid, its payment would satisfy a note previously executed by Charles W. Post, son of appellant, as principal, and his father and appellant's husband, Charles R. Post, as his surety, to appellee, for $9922.20, and for no other consideration.    The last note being less than the former note, is not a satisfaction of it.    Appellee could not be compelled to accept the payment of the $8000 in satisfaction of the $9922.20, and appellee not being bound, Charles R. Post is not bound, and appellant's property can not be bound.    This, however, leaves out of consideration the fact that the agreement between appellee and Charles R. Post was that the $8000 note should be secured by mortgage on appellant's property, and the agreement to accept a less sum secured, for a larger sum unsecured or differently secured, is held to be a good accord and satisfaction.    (1 Am. and Eng. Ency. of Law, 101, and cases cited in notes.)    The consideration supporting the transaction as between Charles R. Post

and appellee, sufficiently supports it as between appellee and appellant. 15 Am. and Eng. Ency. of Law, 753, and cases cited in notes.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*