H. B. MANTON v. J. F. SEIBERLING & COMPANY *et al.,* Appellants.

**General Assignment:** PREFERENCES: *Corporations.* An insolvent corporation in Iowa may secure its creditors and prefer one over another, provided, that it does not do so by an instrument or instruments of general assignment, or which are construed to be assignments for the benefit of creditors, and therefore void, by reason of preferences.

SAME. A mortgage made by an insolvent company to a *bona fide* creditor, nearly two months before a general assignment is determined upon, is not void as part of the assignment.

CONFLICT OF LAWS. The provisions of a statute that assignments in trust, made in contemplation of insolvency, with the intent to prefer one or more creditors, shall inure to the benefit of all creditors, does not apply to a mortgage of property situated in another state, since the validity of the mortgage must be determined by the *lex loci rei sitae,*

MORTGAGES. A mortgage will be held valid in Iowa and the preferences secured by the mortgagee sustained, notwithstanding that at the time of making it the mortgagor had determined to make a general assignment, which he afterwards did, where the mortgagee took it in good faith to secure a valid indebtedness without knowledge of the mortgagor's intention.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, FEBRUARY 4, 1899.

SUIT in equity to foreclose a mortgage. Decree for plaintiff, and defendants appeal.—*Affirmed.*

*C. W. Johnson* and *Phillips & Brennan* for appellants.

*Bowen & Brockett* for appellee.

DEEMER, J.—On February 5, 1896, J. F. Seiberling & Co., a corporation organized under the laws of the state of Ohio, and having its principal place of business at Akron, in that state, executed its two notes, one to H. B. Manton, and the other to Mrs. Harriet Manton, due five years after date, and payable at the office of the corporation. To secure said notes, the corporation at said time executed a mortgage upon some of its property in the city of Des Moines, Iowa. Mrs. Manton assigned her note to H. B. Manton, and this suit is upon the two notes, and to foreclose the mortgage securing the same. The corporation made an assignment for the benefit of its creditors on March 24, 1896, and William H. Carter, the assignee, was made a party to this suit.

The assignee claims, in answer, that, at the time of the execution of the notes and mortgage, the corporation was insolvent, and that these instruments were made and given to carry out an original plan to follow them in the shortest practical time with an assignment for the benefit of creditors, and that all these matters constituted but one continuous transaction, and are therefore void, under the laws of the state of Ohio, as well as under the statutes of this state. The statute of the state of Ohio relied upon is as follows: "All assignments in trust to a trustee or trustees, made in contemplation of insolvency, with the intent to prefer one or more creditors, shall inure to the equal benefit of all creditors in proportion to the amount of their respective claims, and the trusts arising under the same shall be administered in conformity with the provisions of this chapter." (Revised Statutes of Ohio, section 6343). It will be observed that this statute refers to assignments in trust, and not to notes or other evidences of indebtedness. The corporation unquestionably had power to execute the notes in suit; and it is the mortgage executed to secure the notes that the statute refers to, if it refers to any of the instruments declared upon. We are of opinion, however, that this statute does not apply, for

the reason that the real estate which is covered by the mortgage is situated in this state, and the validity of the security must be determined by the *lex loci rei silae.* This is familiar doctrine, and we need only site the following cases in its support: *Goddard v. Sawyer,* 9 Allen, 78; *Swank v. Hufnagle,* 111 Ind. Sup. 453 (12 N. E. Rep. 303, 13 N. E. Rep. 105); *Doyle v. McGuire,* 38 Iowa, 410; *Loving v. Pairo,* 10 Iowa, 282; Jones Mortgages, section 823. In this state an insolvent corporation may secure its creditors, and may prefer one over another, provided, of course, that it does not do so by an instrument or instruments of general assignment, or which are construed to be assignments for the benefit of creditors, and therefore void by reason of preferences. *Warfield v. Canning Co.,* 72 Iowa, 666; *Rollins v. Carriage Co.,* 80 Iowa, 380; *Garrett v. Plow Co.,* 70 Iowa, 697.

The payees of the notes in suit had no connection with the corporation otherwise than as creditors, and it is entirely clear that, under the laws of this state, they had the right to secure themselves, even if the corporation was insolvent. There is no evidence to justify a finding that the mortgage in suit was executed in contemplation of, or as part of, a general assignment for the benefit of creditors, and therefore void. Even if the corporation so intended, there is no evidence whatever that the payees of the notes or either of the mortgagees had any knowledge that the mortgage was intended to be part of a general assignment. Indeed, the evidence shows to the contrary. We have recently held, in a case where the mortgagor, at the time of making his mortgage, had determined to make a general assignment, which he afterwards did, that the mortgagee who took his mortgage in good faith, to secure a valid indebtedness, should be protected, and the mortgage was held valid. *Groetzinger v. Wyman,* 105 Iowa, 574.

The notes and mortgage in this case were executed pursuant to a resolution of the board of directors of defendant

corporation, passed on the first day of February, 1896; and the resolution directing the deed of assignment was not passed until March 24th. In the *interim* the corporation was carrying on business to a limited extent, although it was evidently crippled by reason of the financial stringency. As no assignment was determined on until about March 24th, it follows that, under the laws of this commonwealth, the mortgage was and is valid. It may well be doubted whether the mortgage would be invalid under the Ohio statute. Even in that state it is held that a corporation, although embarrassed, may continue its business as a natural person, and that this right carries with it the power of extension of credit by giving a mortgage upon its property to such of its creditors as are unwilling to give further time unless secured. Further, it is said in the case of *Damarin v. Iron Co.*, 47 Ohio St. 581 (26 N. E. Rep. 37): "When this power is fairly and honestly exercised, with no purpose at the time of immediately abandoning its business or making an assignment, the validity of the security so obtained cannot well be questioned." That rule is applicable to the case before us. Here the mortgagees gave an extension of time, which they would not have granted had it not been for the security offered; and there was no thought at the time that the corporation would abandon its business or make an assignment, at least no such purpose was disclosed to the mortgagees. This being true, the mortgage would be valid, even under the Ohio statute. But, however this may be, the instrument was clearly valid under our law, and should be sustained. If the objection were to validity of the notes, a different question would be presented, and the authorities cited by appellants in their brief would be entitled to consideration. As it is, the objection is not to the notes, but to the mortgage, and the validity of that instrument must be determined by the laws of this state. The decree is right, and it is AFFIRMED. -