. Morris v. Linton.

LYDIA T. MORRIS, APPELLEE, v. PHŒBE R. E. E. LINTON ET AL., APPELLANTS.

FILED MARCH 20, 1901.   No. 9,317.

1. Consul: DEFINITION. Under section 6, chapter 73, Compiled Statutes, 1899, the word "consul" means any person invested by the national government with the functions of consul-general, vice consul-general, consul or vice-consul.

2. Irregularity Does Not Invalidate Acknowledgment. A mere irregularity in taking an acknowledgment does not invalidate it.

3. Certificate: IMPEACHMENT: IRREGULARITY. The certificate of an officer having authority to take acknowledgments, can not be impeached by showing merely that such officer's duty was irregularly performed.

4. **Power of Attorney: EXECUTION: ACKNOWLEDGMENT.** A power of attorney, properly executed, is valid though not acknowledged, except to the extent that it may authorize the conveyance of a family homestead.

5. **Contract: REALTY: LEX REI SITÆ.** The validity of a contract affecting real property is to be determined by the law of the place where the property is situate and not by the law of the place where the contract was made.

6. **Married Woman May Convey and Incumber Land.** A married woman may, through the act of a duly authorized agent, incumber or convey her lands in this state in the same manner and with like effect as if she were single.

7. **Power of Attorney: AUTHORITY.** Power of attorney examined, and found to authorize the agent to mortgage the land of his principal.

8. **Evidence Supports Finding.** Evidence examined, and found to support a finding that there was a consideration for the instrument in suit.

9. **Personal Liability of Mortgagor Does Not Arise on Appeal.** Whether a mortgagor is personally liable for the debt secured by the mortgage, is a question that does not arise on an appeal from a decree of foreclosure.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Affirmed*.

*John T. Cathers, W. A. Redick* and *E. W. Simeral*, for appellants.

*George B. Lake* and *Hamilton & Maxwell*, contra.

SULLIVAN, J.

This is an appeal from a decree foreclosing a mortgage upon two fractional lots in the city of Omaha. Mrs. Linton, who resides with her husband in England, is the fee owner of the property. In 1891 she gave to John Borland Finlay a power of attorney authorizing him to sell, exchange, lease or mortgage any real estate owned by her in this country or elsewhere. Acting under this authority, Finlay executed, on behalf of his principal, the mortgage now in question. The answer admits the ex-

ecution of the power of attorney, but alleges that it was not acknowledged according to law. The acknowledgment was made before Hon. John C. New, consul-general of the United States residing in London, and was, in our opinion, clearly valid. The word "consul," as used in section 6, chapter 73, Compiled Statutes, 1899, is understood to mean any person invested by the national government with the functions of consul-general, vice consul-general, consul or vice-consul. *In re Baiz*, 135 U. S., 403; *Mott v. Smith*, 16 Cal., 552; *Evans v. Lee*, 11 Nev., 194; *Moore v. Miller*, 147 Pa. St., 378. The allegation that the power of attorney was not acknowledged according to law is nothing more than a denial of the legal sufficiency of the acknowledgment; it is the statement of a legal conclusion and raises no issue. *South Platte Land Co. v. City of Crete*, 11 Nebr., 344; *Miller v. Hurford*, 13 Nebr., 13. A mere irregularity in taking an acknowledgment does not invalidate it (*Council Bluffs Sav. Bank v. Smith*, 59 Nebr., 90); and this certainly should be the rule where the party whose acknowledgment has been irregularly taken, afterwards delivers the instrument acknowledged as a complete and perfect instrument. Mrs. Linton appeared at the American consulate and signified a wish to acknowledge the power of attorney; the consul-general had power to take her acknowledgment; he certified that he did take it; the instrument was then returned to her and afterwards delivered by her to Finlay. Under these circumstances she could not impeach the certificate of acknowledgment by the evidence offered for that purpose.

But if there had been no attempt to acknowledge the power of attorney, it would not be, therefore, void. It would not in such case prove itself, nor be entitled to registry, but it would confer the same actual authority without an acknowledgment as with one. *Burbank v. Ellis*, 7 Nebr., 156; *Horbach v. Tyrrell*, 48 Nebr., 514; *Linton v. Cooper*, 53 Nebr., 400; *Delano v. Jacoby*, 96 Cal., 275. There is no merit in the contention that the power of

attorney was invalid because not executed in accordance with the laws of England. The validity of a contract affecting real property is to be determined by the law of the place where the property is situate, and not by the law of the place where the contract was made. Story, Conflict of Laws, 424; *Baum v. Birchall*, 150 Pa. St., 164; *Richardson v. De Giverville*, 107 Mo., 422; *Swank v. Hufnagle*, 111 Ind., 453; *Sell v. Miller*, 11 O. St., 331; *Post v. First Nat. Bank*, 138 Ill., 559. Section 42, chapter 73, Compiled Statutes, 1889, declares: "Any real estate belonging to a married woman, may be managed, controlled, leased, devised, or conveyed by her by deed, or by will, in the same manner and with like effect as if she were single." A single woman may, of course, incumber or convey her lands in this state by the act of a duly authorized agent; and so, under the statute quoted, may a married woman. *Benschoter v. Lalk*, 24 Nebr., 251; *Benschoter v. Atkins*, 25 Nebr., 645.

It is contended that the power of attorney did not authorize Finlay to make the mortgage which the district court adjudged to be a lien on Mrs. Linton's property. We think it did in terms as explicit as it was possible to employ. The instrument (in the execution of which Mr. Linton joined his wife) is in part as follows: "Know all men by these presents: That we, Adolphus Frederic Linton and Phebe Rebecca Elizabeth Elwina Linton, his wife, of Brighton, England, have made, constituted and appointed, and by these presents do make, constitute and appoint John Borland Finlay, of the commonwealth of Pennsylvania, in the United States of America, our true and lawful attorney for us, or either of us, and in our or either of our names, places and steads, to grant, bargain and sell, convey, exchange, assign, transfer, lease, mortgage or confirm, any or all tracts, pieces or parcels, or lots of real estate, as well as of coal, ore, petroleum, or other valuable minerals, claims, rights, interests, or hereditaments, which have descended to or been, or may be acquired by, or for the said Phebe, or

either of us, by gift, grant, demise, purchase, exchange or otherwise, in any of the states, districts, commonwealths or territories of the said United States of America or elsewhere." The claim that there was no consideration for the mortgage is not sustained by the record. There is in the instrument itself a distinct acknowledgment that it was given for money actually loaned, and there is no evidence whatever tending to show that the fact thus admitted is not true.

The acknowledgment of the mortgage is assailed as not being in conformity with the law; but the point need not be considered, since the entire absence of an acknowledgment would not affect in any way the rights of the parties to this litigation.

Whether the Lintons are personally liable for the money which the mortgage was given to secure is a question which is not properly before us at this time. It can only arise in this court after a deficiency judgment has been rendered against them. *Parmele v. Schroeder*, 59 Nebr., 553, affirmed on rehearing at present sitting.

The decree of foreclosure is right, and is

AFFIRMED.