## DAL v. FISCHER et al.

The validity of a contract affecting real property should be determined by the law of the state in which it is situate and where it was to be performed, and not by the law of the place where it was executed.

Under the express provisions of Rev. Civ. Code, § 1238, an agreement for the sale of real property made by an agent is invalid unless the authority of the agent be in writing subscribed by the party to be charged.

Evidence examined, and **held** insufficient to sustain a finding that a contract authorizing an agent to sell land was entered into personally by the owner and executed in her presence, at her request, by her son.

A view of the transaction in controversy, not presented by the pleadings or evidence, cannot be considered on appeal.

The measure of damages for breach of an agreement to convey an estate in real property is fixed by Rev. Civ. Code, § 2298, which provides that the detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid and the expenses properly incurred in examining the title and preparing the necessary papers, with interest thereon, but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed at the time of the

breach, and the expenses properly incurred in preparing to enter upon the land.

The measure of damages for breach of a contract employing a broker to sell land is either the compensation fixed by the contract or reasonable compensation for his services.

(Opinion filed April 3, 1906.)

Appeal from Circuit Court, Spink County. Hon. J. H. Mc-Coy, Judge.

Action by Christine E. Dal against George W. Fischer and others. From a judgment for defendants, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

*W. F. Bruell* and *A. J. W. Appell,* for appellant.

The plaintiff could not delegate authority to sell her land or to contract for the sale thereof or to appoint an agent to sell the same except by a written instrument. Sections 3245 and 3246, Compiled Laws of 1887, South Dakota. Where the agency is disputed, the burden of proof, necessarily falls upon the party seeking to establish the agency. Ency. of Law, Vol. I, page 968. The declarations of Fischer as to his agency are certainly insufficient and incompetent, and cannot establish the agency or prove the scope of the agent's authority. Meechem on Agency, Sec. 100, page 174; Hatch v. Squires, 11 Mich. 185; Regan v. McKibben, 11 S. D. 270, 76 N .W. 943; Plano Company v. Root, 54 N. W. 924; Gordon v. Loan Company, 71 N. W. 556; Loverin-Brown Company v. Bank, 75 N. W. 923; W. M. and R. M. Co. v. Crow, 70 Ia., 340. An agent's authority must be proven before a contract signed by him can be admitted in evidence when the agent's authority is denied. Darst v. Doom, 38 Ill. App. 397; Fadner v. Hibler, 26 Ill App. 369; Gray v. Gillilian, 15 Ill. 454; Reynods v. Ferree, 86 Ill. 570. The law of the place where a contract is entered into usually governs the construction of the contract. Meuer v. C., M. & St. P. R. R. Co., 3 S. D. 332, 59 N. W. 945; U. S. Savings & Loan Company v. Shain, 77 N. W. 1006; Edwards v. Kurzey, 96 U. S. 595; Cochran v. Ward, 29 N. E. 795. An agent cannot purchase real estate of his principal for himself. McKay v. Williams, 35 N. W. 159. He cannot occupy the relation of both seller and purchaser of the same property. Kerfoot v. Hyman, 52 Ill. 512; Helberg v. Nichols, 149 Ill. 249; Eldridge v. Walker, 60 Ill. 232. An agent is bound to

act within the scope of his authority and when he has a duty to discharge as agent, his own interest must not come into conflict with the duty he owes to his principal. Chappell v. McKnight, 108 Ill. 570; Tewkbury v. Spruance, 75 Ill. 188; Kruse v. Steffens, 47 Ill. 112; Cotton v. Holliday, 59 Ill. 176.

*N. P. Bromley,* for respondent.

The memorandum of a contract for the sale of land is not sufficient unless it contains substantially the whole agreement, so that its essential terms may be ascertained from the writing, without a resort to parol evidence. Mentz v. Newritter, 122 N. Y. 491; Ringer v. Holtschaw, 112 Mo. 519. It need not express either the amount of the consideration or the time of payment. Camp v. Moreman, 84 Kent. 635. It must describe the land with sufficient exactness to render its identity certain, upon the introduction of extrinsic evidence, simply disclosing the condition of the parties at and immediately before the making of the contract, to satisfy Statute of Fraud. Watson v. Baker, 71 Tex. 739; Johnson v. Brooks, 31 Miss. 17. Although agency cannot be proved by declaration of an alleged agent, yet he is a competent witness to prove the agency, his testimony cannot be restricted by mere words used by the principal, but is admissible generally on the whole subject. Lawall v. Groman, 57 Am. St. R., 662. The law does not require that an authority to an agent to sign an unsealed paper or a written contract, shall also be conferred or evidenced by writing. Riley v. Miner, 29 Mo. 439; Lawrence v. Taylor, Hill, 107; McWhorter v. McMahon, 10 Paige, 386; Worrall v. Munn, 5 N. Y., 229; 13 N. Y., 587; Baum v. Dubois, 43 Penn. St., 260. Matters connected with the performance of a contract are regulated by the law prevailing at the place of performance. Brown v. Camden R. R. C., 83 Penn. St., 316; Scudder v. Union Nat. Bank, 91 U. S. 406.

HANEY, J. On October 8, 1901, the plaintiff was the owner of the S. W. ¼ of section 5—116—63, in Spink county, this state. She and her son, the defendant John W. Dal, resided in Chicago. The defendants Fischer and Merchants' Bank of Redfield, resided in Spink county. On that day the following writing was signed by defendant Dal, and delivered to defendant Fischer at the plaintiff's home in Chicago: "It is agreed that George W. Fischer shall, as

my agent, contract that I, Dr. John W. Dal, of Chicago, Ill., will sell the following described lands to any purchaser found by him within sixty days from the date thereof, viz., *also the right to purchase for himself S. W. of* 5—116—63, situate in Spink county. The price to be not less than two thousand dollars. I agree to furnish to the purchaser, within thirty days, after a deposit of two hundred and fifty dollars is made with me or with the Merchants' Bank of Redfield, South Dakota, a complete abstract of title to said land. The said property to be conveyed free of all incumbrances with good and sufficient warranty deed. The said property shall remain in the hands of the said George W. Fischer, exclusively for sixty days from date, *and if he sells the same within said time I will pay him commission of five per cent. upon the purchase price.* Witness my hand this 8th day of October, A. D. 1901. Dated at Chicago, Ills. John W. Dal, Agt. for Christine Dal." The italicised words and figures were inserted by Fischer after his return to Redfield. Though the execution of this instrument was neither acknowledged nor proved, so as to entitle it to be recorded it was in fact recorded in Spink county, March 12, 1902. On December 20, 1901, the following letter was received by the defendant bank at Redfield: "Gentlemen: Inclosed please find papers relating to the sale of Mrs. Christine Dal's farm, which consists of the following: (1) Warranty deed executed by Mrs. Dal; also the original patent of said farm. (2) Trust deed and note, with interest coupons. Please have Mr. George W. Fischer execute the same. If the trust deed does not conform with the laws of Dakota please have a new one drawn up. I also inclose insurance policy which has still a year to run before it expires, so the purchaser will have to pay $5.00 for the unexpired time. The purchase price, as you no doubt understand, is to be $2,000—$1,000 down and the balance in two years. Send draft to Dr. John W. Dal, No. 499 N. Robey St., Chicago. Very truly yours, Albert J. W. Appell." Because of an unsatisfied judgment against one of plaintiff's grantors, which appeared to be a lien on the land, for an amount far in excess of its value, and other unimportant reasons, Fischer refused to accept the plaintiff's deed. After numerous fruitless efforts to reach a settlement the plaintiff demanded a return of the papers on deposit

with the defendant bank, and instituted this action to recover pos-
session of the same and to have the recorded contract canceled. De-
fendant Fischer served a separate answer; also a pleading desig-
nated "a cross-complaint"; and defendant Dal served a so-called
"cross-complaint." It would be difficult to imagine how the rules
of procedure in this state could have been more completely ignored
than they were in this case, but as no one objected, the pleadings
must stand for what they are worth. Defendant Dal was neither
a necessary nor proper party, and it is doubtful if the record of the
unacknowledged and unproved contract constitutes a cloud upon
plaintiff's title; but, assuming it does, nothing more was really in-
volved than plaintiff's right to have canceled, and to recover posses-
sion of the papers on deposit with the bank and a counterclaim
against the plaintiff in favor of defendant Fischer for such dam-
ages as he may have sutsained by reason of the plaintiff's failure
to perform her alleged contract. As the contract was not entitled
to be recorded; as the time in which Fischer could act under it had
expired; and as he elected to take damages rather than a specific
performance, the plaintiff was entitled to the relief prayed in her
complaint and the only remaining issue was the amount, if any, of
Fischer's damages for the plaintiff's breach of the alleged contract.
On the theory that Fischer might have sold the property for $400
in excess of what the plaintiff was to receive, the court before whom
the case was tried without a jury rendered a judgment in his
favor for that amount together with costs and disbursements, leav-
ing the record as it was and plaintiff's papers on deposit in the bank.
Plaintiff's motion for a new trial having been denied an appeal was
taken from the judgment and order.

As the contract in controversy is one affecting real property
situate in this state, where it was to be performed, its validity
should be determined by the law of this jurisdiction, and not by
the law of the place where it was executed. Rev. Civ. Code, § 240;
Moen v. Moen, 16 S. D. 210, 92 N. W. 13; Bowdle v. Jencks, 18
S. D. 80, 99 N. W. 98; Bissell v. Terry, 69 Ill. 184; Morris v. Lin-
ton, 61 Neb. 537, 85 N. W. 565; Baum v. Birchall, 150 Pa. 164,
24 Atl. 620; Richardson v. De Giverville, 107 Mo. 422, 17 S. W.
974; Doyle v. McGuire, 38 Iowa, 410. Under the law of this

state "the following contracts are invalid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: (5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein and such agreement if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged. An agency may be created, and an authority may. be conferred, by a precedent authorization, or a subsequent ratification. An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing. A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or, where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof." Rev. Civ. Code, § 1238, 1665, 1667, 1668. The writing delivered to Fischer in Chicago was not subscribed by the plaintiff. It does not purport to be her contract as a principal. This is not a case where one who is present directs another to subscribe his name to an instrument. The evidence conclusively shows that the person who executed the contract was not authorized to do so in writing. Hence, his act was of no validity unless subsequently ratified in the manner that would have been necessary to confer original authority. The plaintiff never accepted any benefits of her son's act. The attorney who sent the deed and abstract to the bank was not authorized to do so in writing. Such deed did not contain the name of any grantee. So the plaintiff did not in writing or otherwise, ever agree or offer to sell the land to Fischer, nor did she ever in writing or otherwise ratify her son's agreement to do so. The findings of the trial court are to the effect that the plaintiff on Octoer 8, 1901, at the city of Chicago, entered into an agreement in writing with defendant Fischer that he should be her agent to sell the land, and that his agency should continue for 60 days; that such contract was entered into personally by the plaintiff and was executed in her presence, at her request, by the hand of her son. These findings are not sustained by the evidence. The plaintiff, her son, and one Effie Wilson swore

positively that the plaintiff declined to sign the contract.    Fischer
testified: "When I had the contract prepared, all but the three
parts that have been changed since, I said to John W. Dal, 'I would.
like to have your mother sign this contract,' and he spoke to his.
mother and told her what I said, and she said, 'I have given my
son full instructions to sign any papers for me and to do my bus-
iness for me.'"    Assuming Fischer's testimony to be true, there-
was not even parol authority for the son to subscribe his mother's.
name to the contract.    In any event her name was not subscribed
thereto within the meaning of the statute, and the writing was in-
valid as an agreement for the sale of the land to Fischer, or as an
authority for him to sell the same as her agent.    It is true that the-
employment of an agent to find a purchaser for real property need.
not be in writing, McLaughlin v. Wheeler, 1 S. D. 497, 47 N. W.
816, but that view of the transaction was not presented by the-
pleadings or .evidence, and cannot be considered on this appeal.

The amount of defendant Fischer's recovery rests alone upon
these findings of fact: "(9) That the said George W. Fischer·
could have sold said land, and did make a sale of said land in the-
month of November, 1901, for the sum of $2,400, but was unable·
to close up said sale for the reason that the said Christine E. Dal
neglected and refused to convey said property any time after said.
deposit was made free of all incumbrances with a good and suf-
ficient warranty deed, or clear said land of the cloud to her title to·
said land created by said judgment.    (10) That said Fischer was.
to pay said plaintiff $2,000 for said land, according to the terms.
of said contract and at any time within 60 days after October 8,
1901, the said Fischer could have sold said land for $2,400 or more,.
if the plaintiff's title to said land had appeared good upon the rec-
ords in the register of deeds' office in and for Spink county, and
in the office of the clerk of circuit court, in and for Spink county,
South Dakota."    They disclose an entirely erroneous view of the-
measure of damages.    If there was a breach of an agreement to·
convey an estate in real property the measure of damages was fixed'
by section 2298, of the Revised Civil Code.    If there was a breach·
of a contract of employment to procure a purchaser ready and will--
ing to buy the property the measure of Fischer's damages was.

either the commission inserted by him in the contract, or reasonable compensation for his services. But as the evidence upon which the last-mentioned findings were founded was received without proper objections it may be that the court below was justified in making the award it did. However, should the case be again tried, these matters should receive attention.

The judgment is reversed and a new trial ordered.