(May 15, 1911.)

## DAVID HANNAH, Respondent, v. W. W. VENSEL, Appellant.

[116 Pac. 115.]

MORTGAGE ON REAL ESTATE—MORTGAGE CONSTRUED BY THE LAW OF THE
SITUS OF THE PROPERTY—ORAL AGREEMENT AFFECTING MORTGAGE—
RIGHT OF REDEMPTION—LACHES IN REDEMPTION.

(Syllabus by the court.)

1. Under the statute of this state (sec. 3391, Rev. Codes), every transfer of an interest in real property, other than in trust, made only as security for the performance of another act, is to be deemed a mortgage, and this is true although the conveyance be a deed absolute on its face without defeasance or condition therein expressed.

2. Under the statute of this state and the decisions of the court construing the same, a mortgage, or any contract or instrument made only as security for the payment of a debt, merely creates a lien on the real property therein described and leaves the legal title in the mortgagor or grantor, which title can only be divested by judicial sale in a suit or action under and in conformity with the statute.

3. It is a well-established principle of law that every contract in the nature of a deed, mortgage or encumbrance affecting real property, is subject exclusively to the laws of the state or government within whose jurisdiction the real property is situated, and should be construed and interpreted in the light of the laws of the jurisdiction where the property is located.

4. Where a deed to real estate, absolute on its face, has been executed as security for the payment of a debt, and an action is thereafter instituted by the grantor to have the same declared a mortgage, a memorandum made by a third party as to the terms of a conversation had between the grantor and grantee subsequent to the maturity of the debt, whereby it is claimed that they mutually agreed that the debt should be canceled and that the conveyance should be held to pass the title to the property, is inadmissible to prove the passing of title.

5. Where a deed, absolute on its face, has been executed to secure the payment of a debt, and it is clearly and satisfactorily established that the instrument was intended only as security and that it is, therefore, only a mortgage, the title to the property remained in

the grantor, and under sec. 3385, Rev. Codes, every person having an interest in such property has a right to redeem it from the lien at any time after the claim is due and before his right of redemption is foreclosed.

6. Under the facts of this case and the law applicable thereto, *held* that the plaintiff was not barred by his laches from prosecuting his action and obtaining the relief sought.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action praying for a decree declaring a deed absolute on its face to be a mortgage only, and as having been given as security for the payment of a debt. Judgment for the plaintiff and the defendant appealed. *Modified* and *affirmed*.

Hawley, Puckett & Hawley, for Appellant.

The course of judicial proceedings or the time when the action must be commenced are covered by the *lex fori*. (Fed. Cases No. 10,260; *Scudder v. Union Nat. Bank*, 91 U. S. 414, 23 L. ed. 245.)

The evidence in this case clearly shows that the transaction took place in the city of Pittsburg, Pennsylvania, where both of the parties hereto were residing and where the deed and alleged defeasance were made and executed, which makes it clearly a Pennsylvania contract and transaction, and especially the validity of the alleged defeasance must depend upon the laws of that state. (*Andrews v. Torrey*, 14 N. J. Eq. 357; *De Wolf v. Johnson*, 10 Wheat. (U. S.) 367, 6 L. ed. 343; *Cubbedge v. Napier*, 62 Ala. 522; *Goodrich v. Williams*, 50 Ga. 425; *Eastwood v. Kennedy*, 44 Md. 572; *Chase v. Dow*, 47 N. H. 406; *Shipman v. Bailey*, 20 W. Va. 144; *Newman v. Kershaw*, 10 Wis. 343.)

The law of the place where the contract is entered into at the time of making the same is as much a part of the contract as though it were expressed therein. (*Parsel v. Barnes*, 25 Ark. 261; *Sterrett v. Sweeney*, 15 Ida. 424. 128 Am. St. 68, 98 Pac. 418, 20 L. R. A., N. S., 963; *Mitchell v. Doggett*, 1

Ida. 356; *Talbot v. Merchants' Dispatch,* 41 Iowa, 247, 20 Am. Rep. 589; *Collins v. Collins,* 79 Ky. 88; *Moale v. Baltimore,* 56 Md. 496; *Carter v. Cox,* 44 Miss. 148; *Parks v. Conn. Fire Ins. Co.,* 26 Mo. App. 511; 9 Cyc. 583; *Pritchard v. Norton,* 106 U. S. 124, 1 Sup. Ct. 102, 27 L. ed. 104.)

Where plaintiff sets up that the deed was intended as a mortgage, he must show an offer to redeem before he can be entitled to ruling in equity, or deprive the defendant of his right of possession under the deed. (*Hughes v. Davis,* 40 Cal. 117.)

If the transaction is construed under the laws of Idaho and is held to be a mortgage, should the plaintiff prevail in this action in view of his laches, which are undisputed, by sitting quietly by and not asserting any right to redeem or to a reconveyance for a period of time of more than ten years? (*Ryan v. Woodin,* 9 Ida. 528, 75 Pac. 261; *Bradley v. Johnson,* 11 Ida. 689, 83 Pac. 927; *Godden v. Kimmell, Admr.,* 99 U. S. 201, 25 L. ed. 431; *Badger v. Badger,* 2 Wall. (U. S.) 87, 17 L. ed. 836.)

Admitting for the sake of argument that the deed in this case amounts in all equity to a mortgage; yet, if afterward the parties agreed thereto, it may lose its character as an equitable mortgage and become what it purports to be—an unconditional conveyance. (*Carpenter v. Carpenter,* 70 Ill. 457.)

Rice, Thompson & Buckner, for Respondent.

The validity of a mortgage of real estate and its construction and effect are to be tested and determined by the laws of the state where the mortgaged property is situated, although the mortgage itself is executed and the parties reside in another state. (27 Cyc. 975; *Post v. Bank,* 138 Ill. 559, 28 N. E. 978; *Commercial Bank etc. v. Jackson,* 7 S. D. 135, 63 N. W. 548; 3 Am. & Eng. Enc. Law, 563, 567, 662; Jones, Mortg., secs. 661, 823; *Otis v. Gregory,* 111 Ind. 504, 13 N. E. 39; *Brown v. Bank,* 44 Ohio St. 269, 6 N. E. 648; *Post v. Bank,* 138 Ill. 559, 28 N. E. 978; *U.*

*S. v. Crosby,* 7 Cranch (U. S.), 115, 3 L. ed. 287; *U. S. v. Fox,* 94 U. S. 320, 24 L. ed. 192; *Bowdle v. Jencks,* 18 S. D. 80, 99 N. W. 98; *Morris v. Linton,* 61 Neb. 537, 85 N. W. 565; *McCormick v. Sullivant,* 23 U. S. 192, 6 L. ed. 300; *Richardson v. DeGiverville,* 107 Mo. 422, 28 Am. St. 426, 17 S. W. 974; *Manton v. Seiberling & Co.,* 107 Iowa, 534, 78 N. W. 194; *Washburn v. Van Steenwyk,* 32 Minn. 326, 20 N. W. 324; *Brine v. Hartford Fire Ins. Co.,* 96 U. S. 627, 24 L. ed. 859; *Loving v. Pairo,* 10 Iowa, 282, 77 Am. Dec. 109; *Fessenden v. Taft,* 65 N. H. 39, 17 Atl. 713; *Conradt v. Lepper,* 13 Wyo. 473, 81 Pac. 307, 82 Pac. 2.)

If the laws of the state of Idaho apply in this case, and the evidence shows that the deed was given as security for a loan, the instrument is a mortgage. (*Brown v. Bryan,* 6 Ida. 1, 51 Pac. 995; *Thompson v. Burns,* 15 Ida. 572, 99 Pac. 111; 27 Cyc. 720, 991; *Hall v. Arnott,* 80 Cal. 348, 22 Pac. 200; 3 Pomeroy's Eq. Jur., sec. 1192; *Kelly v. Leachman,* 3 Ida. 392, 29 Pac. 849; *Byrne v. Hudson,* 127 Cal. 254, 59 Pac. 597; *Smith v. Smith,* 80 Cal. 323, 21 Pac. 4, 22 Pac. 186, 549; *Reilly v. Cullen,* 159 Mo. 322, 60 S. W. 126.)

If such an agreement as is alleged had ever been made, it would not, under our statutes, change the mortgage into a deed. The statutes provide the way to divest the mortgagor of his title, and he cannot be divested in any other way. (*Ullman v. Devereux,* 46 Tex. Civ. App. 459, 102 S. W. 1163; *Keller v. Kirby,* 34 Tex. Civ. App. 404, 79 S. W. 82; *Lynch v. Ryan,* 132 Wis. 271, 111 N. W. 707, 112 N. W. 427.)

AILSHIE, Presiding J.—This action was instituted by the plaintiff to have a certain conveyance, appearing on its face as a deed, decreed to be a mortgage only. The conveyance was executed on or about the 25th of November, 1893, in the state of Pennsylvania, and it is admitted and conceded that it was given as security for the payment of a loan of $1,000. It was understood at the time of the execution of the deed of conveyance that upon payment of the principal and interest, the defendant would redeed the property to the plaintiff. The defeasance, however, was never reduced to writing as

required by the laws of Pennsylvania. The property conveyed was situated in Canyon county in this state, and the deed was recorded in the recorder's office of that county on the 23d of April, 1894. The debt was never paid, and the matter was allowed to run along until about July 1, 1898, when the parties had a conversation over the matter, and the plaintiff advised defendant that he was unable to pay the debt at that time, and it is claimed by the defendant that it was then agreed and understood that the deed should be allowed to stand as an absolute and unqualified conveyance of the property and that the plaintiff would make no further claim to the property. The defendant paid the taxes on the property from about the year 1898 until the commencement of this action. The defendant pleaded the statute of Pennsylvania, and claimed that under that statute the title had vested absolutely and unqualifiedly in defendant and that the plaintiff had no right of redemption. The trial court heard the matter and rendered and entered judgment in favor of the plaintiff and against the defendant, and the defendant prosecutes this appeal.

The first question urged by appellant is that this contract should be tested and construed by the law of Pennsylvania, the state where the contract was made and executed. The respondent, on the other hand, contends that the deed or mortgage must be tested and construed according to the laws of Idaho and that by the law of this state (sec. 3391, Rev. Codes), "every transfer of an interest in property other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, except when in the case of personal property it is accompanied by an actual change of possession, in which case it is to be deemed a pledge."

In the first place, it seems to be a well-established principle of law that every contract in the nature of a deed or a mortgage or other encumbrance affecting real property is subject exclusively to the laws of the state or government within whose jurisdiction the real estate is situated. A contract of this kind is an exception to the general rule that a contract must be

construed and interpreted by the law of the place where the contract was made. The general principle as applied to mortgages is thus stated in 27 Cyc. 975: "The validity of a mortgage of real estate and its construction and effect are to be tested and determined by the laws of the state where the mortgaged property is situated, although the mortgage itself is executed and the parties reside in another state."

In *Commercial Bank v. Jackson,* 7 S. D. 135, 63 N. W. 548, the supreme court of South Dakota states the rule as follows: "That the law of the sovereignty in which real property is situated governs, as to the transfer of such property, whether conveyed absolutely, or by way of mortgage, seems to be well settled."

In *Richardson v. DeGiverville,* 107 Mo. 422, 28 Am. St. 426, 17 S. W. 974, the supreme court of Missouri says: "The law is well settled that a title to or interest in lands must be acquired according to the law of the place where the lands are situated. It is that law which determines the force and effect of the instrument, be it a deed, will or contract. So, too, where the deed or other instrument relates to immovables, or what the common law calls 'real property,' it must be construed according to the law of the place where the property is situated, or the *lex loci rei sitae.*" This proposition is well supported by authority: *Post v. First Nat. Bank,* 138 Ill. 559, 28 N. E. 978; *Bowdle v. Jencks,* 18 S. D. 80, 99 N. W. 98; *Morris v. Linton,* 61 Neb. 537, 85 N. W. 565; *Manton v. Sieberling & Co.,* 107 Iowa, 534, 78 N. W. 194; *Washburn v. Van Steenwyk,* 32 Minn. 326, 20 N. W. 324; *Bramblet v. Commonwealth Land & Lbr. Co.,* 26 Ky. L. 1176, 83 S. W. 599; *Brine v. Hartford Fire Ins. Co.,* 96 U. S. 627, 24 L. ed. 859; *McGoon v. Scales,* 9 Wall. (U. S.) 23, 19 L. ed. 545; *Fessenden v. Taft,* 65 N. H. 39, 17 Atl. 713; *Conradt v. Lepper,* 13 Wyo. 473, 81 Pac. 307, 82 Pac. 2; 9 Cyc. 680.

Although the instrument in question is a deed absolute on its face, there can be no question but that it falls within the purview of sec. 3391, Rev. Codes, for the reason that it is admitted by the appellant that it was given as security for the

payment of a loan of $1,000. It was executed as security and not as evidence of a sale, for no sale of the land had been made. As to this fact there is no dispute.

It is contended by appellant that on or about July 1, 1898, appellant and respondent had a conversation about this conveyance and the payment of the debt, and that the respondent stated that he would be unable to pay the debt, and it was there agreed and understood between them that respondent's right to the property should thereupon cease and that the appellant should take the land in payment for the debt. At the trial appellant offered to introduce a writing or memorandum dated at Pittsburg, Penn., July 1, 1898, and signed by one C. H. Cramer, in which Cramer certifies to having noted the agreement that was on that date entered into between appellant and respondent, and the witness states in the memorandum that "said Hannah agrees to have Vensel retain the eighty acres of land in Nampa, state of Idaho, on which Vensel now has deed for, as Hannah says he is unable to pay the money back to Vensel, and now Vensel and Hannah both agree to Vensel's keeping the land, in accordance with the provisions in said deed." The court refused to admit this in evidence, and appellant complains of the action of the court in its ruling. This writing was not admissible on any ground whatever. It was not a writing between the parties; it does not purport to have been made in the presence of the parties or to have had the sanction of the parties that it was correct; it does not purport to be a conveyance of any kind, and it could not in any way help or aid an oral contract or agreement whereby one party agreed to waive and forego his right of redemption or to pass title to real estate.

It is next contended by appellant that since the respondent allowed this deed to stand for some nine years after the purported conversation and agreement of July 1, 1898, and allowed the appellant to pay the taxes on the land continuously thereafter, he is now guilty of such laches in the prosecution of his action that he should not be allowed or granted any relief in the premises. In a case of this kind and under the

facts here disclosed, it is difficult to discover a principle of law or rule of equity upon which to base such a holding.  Under the statute of this state, a mortgage on real estate does not pass the title to the mortgagee.  Sec. 3388 of the Rev. Codes defines a mortgage as follows: ''A mortgage is a contract by which specific property is hypothecated for the performance of an act without the necessity of a change of possession''; and sec. 4523 provides that ''a mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale.''

In *Brown v. Bryan,* 6 Ida. 15, 51 Pac. 995, this question was under consideration, and the court held that ''a mortgage, or any contract in the nature of a mortgage, merely creates a lien, and leaves the legal title in the mortgagor or grantor, which can only be passed out of him by judicial sale, in a proper action under the statute, after which such grantor or debtor may redeem within the time provided by law for redemption of property from execution sale.''  It is also the rule in this state that, ''Parol evidence is admissible to show that a deed absolute on its face is in fact a mortgage.'' '(*Thompson v. Burns,* 15 Ida. 572, 19 Pac. 111.)

It will thus be seen that the legal title to the real estate covered by the deed in this case always remained in the grantor or mortgagor, who is the respondent here, and that the mortgagee only acquired a lien on the property which might be foreclosed in the manner prescribed by law, and upon a foreclosure sale the title would pass to the purchaser, subject to the statutory period for redemption.  No evidence is produced to support any claim that the mortgagee or grantee has been in the open and notorious adverse possession of this property for the statutory period of five years, which would enable him to defend the title under adverse possession, and certainly he cannot defend the title by reason of ever having acquired the legal title to the property through the medium of the conveyance set up in this case.

Sec. 3385, Rev. Codes, provides that "Every person, having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed." This statute makes the right of redemption absolute, provided the redemption is sought after the debt becomes due and before the period of redemption on foreclosure expires. (See *McPherson v. Hayward,* 81 Me. 329, 17 Atl. 164; *Keller v. Kirby,* 34 Tex. Civ. App. 404, 79 S. W. 82.)

In the face of these several statutes it is difficult to see upon what theory a court of equity could invoke the doctrine of laches against a mortgagor who seeks to redeem property after the maturity of the debt and before the period of redemption on foreclosure expired. And this is equally as true where the mortgage is in form a deed absolute on its face, as where it shows on its face that it is a mortgage only. No foreclosure has ever been had on this security. What is here said is applicable as between the parties themselves, and of course would not apply to innocent third parties, for the reason that under sec. 3393 proof could not be made against innocent purchasers and encumbrancers that a deed absolute on its face was intended as a mortgage unless that fact appeared by the terms of the instrument itself.

The judgment in this case should be affirmed, except as to the costs incurred in the trial court. Under the peculiar facts of this case, we think it would only be just and equitable to require the plaintiff in the case to pay all legally taxable costs and disbursements incurred in establishing his contention that the conveyance made by him was given as security and constituted a mortgage instead of a conveyance of the legal title. In other words, we feel that under the facts of this case, equity and good conscience require that the defendant receive his principal and interest and all taxes paid, together with interest thereon, clear of all expense incurred. In this case no formal tender was ever made by the plaintiff to the defendant. He testified, however, that he frequently

told the defendant that he had the money to pay the debt and that he was ready and willing to do so.

The judgment will be modified to this extent, and the cause is hereby remanded, with direction to the trial court to modify the judgment so as to require the costs incurred in the trial court to be paid by the plaintiff, respondent in this court.

Costs of appeal awarded in favor of respondent.

Sullivan, J., concurs.