## Lee Kincaid for use of Illinois National Bank, of Springfield, Illinois, Appellee, v. E. B. Overshiner, John S. Hurie and Henry H. Colby, Appellants.

1. CORPORATIONS—*contracts.* Where, to procure a sale of stock, certain officers of a corporation enter into an agreement to purchase it at any time at the price paid, such agreement is part of the original undertaking and consideration therefor passes to the corporation and is sufficient, and consideration or benefit to the officers is unnecessary.

2. CONTRACTS—*when an agreement does not lack mutuality.* A written agreement by promoters of a corporation to purchase stock sold at any time at the price paid, entered into to procure a sale, does not lack mutuality but is a part of the purchase transaction, and the fact that the written agreement taken alone lacks mutuality will not necessarily defeat an action thereon.

3. STATUTE OF LIMITATIONS—*when agreement is in parol thereunder.* It would seem that where an agreement rests partly in writing it is contrued as a parol agreement and controlled by the Five-Year Statute of Limitations.

4. STATUTE OF LIMITATIONS—*when agreement is not partly in writing and partly in parol.* Where a written agreement by promoters of a corporation to purchase stock at the sale price at any time is so complete that acceptance by the party seeking to enforce it need only be shown, such agreement does not rest partly in parol and partly in writing and come within the Statute of Limitations as to parol agreements.

5. ASSIGNMENT—*when not necessary.* Where a purchaser of stock receives an agreement by the promoters to purchase the stock at any time for the amount paid, and pledges the stock and agreement as security for a loan, no assignment is necessary to invest the pledgee with the right to accept the pledge and to sue in the purchaser's name.

6. PRACTICE—*when immaterial to defendant that action is for another's use.* Where the purchaser of stock who received an agreement from the promoters to purchase at any time for the price paid is plaintiff in an action on such agreement, it is immaterial to the defendants whether the action is for the use of a pledgee or the assignee in bankruptcy.

7. TENDER—*when unnecessary.* Where demand is made for performance of an agreement to purchase stock at the price paid but liability is denied and performance refused, no tender is necessary before action.

8. PRACTICE—*court's discretion as to filing of additional count.*
The court may in its discretion allow plaintiff to file an additional
count after the close of the evidence.

9. TENDER—*what is sufficient.* On refusal to perform an agree-
ment to purchase stock at the price paid and denial of liability,
the plaintiff need only bring the certificates of stock into court for
delivery to defendant.

10. CONTRACTS—*what is not a defense to action on an agree-
ment.* On action on an agreement by promoters to purchase stock
at any time for the price paid, recovery cannot be defeated on the
ground of unreasonable delay because the plaintiff held it for two
years when it was at par, and then for more than five when the
corporation was insolvent, before compelling performance.

Appeal from the Circuit Court of Menard county; the Hon. GUY
R. WILLIAMS, Judge, presiding. Heard in this court at the October
term, 1911. Affirmed. Opinion filed March 15, 1912. *Certiorari* de-
nied by Supreme Court (making opinion final).

WATKINS & GOLDEN, for appellants.

BARBER & BARBER and G. E. NELSON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opin-
ion of the court.

On September 15, 1905, defendants were promoting
and selling stock of the Petersburg Telephone Com-
pany; Lee Kincaid purchased, at the solicitation of
defendants, forty shares of the stock and paid the
treasurer of the corporation $1,000, that being the
par value of the forty shares.

In order to induce Kincaid to buy this stock, the de-
fendants signed the following agreement:

"We, the undersigned, agree to purchase from Lee
Kincaid at any time he should desire to sell to them
his stock in the Petersburg Telephone Company, sub-
scribed by him this day, at the price at which he pays
for same, namely, $1,000 for forty shares.

"Dated, this 15th day of September, 1905.

"E. B. OVERSHINER,
"JOHN S. HURIE,
"HENRY H. COLBY."

In the fore part of 1909, Kincaid became indebted to
the Illinois National Bank of Springfield, beneficiary

plaintiff, and pledged this stock to it as security for that indebtedness. In May, 1910, Kincaid filed his petition in bankruptcy, and George E. Keys was appointed trustee of his estate.

The evidence is conflicting as to whether Kincaid made a demand upon defendants to comply with their agreement to purchase this stock before it was pledged as security, but we do not consider that question as material.

On September 9, 1910, the following notice was mailed to defendants and duly received by them:

"SPRINGFIELD, ILL., Sept. 9, 1910.

"MESSRS. E. B. OVERSHINER, JNO. S. HURIE, HENRY H. "COLBY.

"GENTLEMEN:—On September 15, 1905, you signed a written agreement, agreeing to purchase from Lee Kincaid, at any time he should so desire, the forty (40) shares of the capital stock of the Petersburg Telephone Company at the price which he paid for the same in reliance upon your agreement, namely, one thousand ($1,000) dollars.

"The undersigned, and each of them, have elected to sell said stock to you and to have you purchase the same at said price. You may obtain the stock by calling upon the undersigned, George E. Keys, Trustee, upon payment of the said purchase price of one thousand ($1,000) dollars.

"The undersigned, and each of them, will execute and deliver to you any and all transfers and assignments that may be necessary and proper to fully vest the title of stock in you.

"Kindly let this have your immediate attention and oblige,

"Yours respectfully,
"LEE KINCAID,
"GEORGE E. KEYS, Trustee of the
"Estate of Lee Kincaid, Bankrupt.
"ILLINOIS NATIONAL BANK,
"By H. M. Merriam, Cashier.

"Said bank holds said stock as collateral."

This action was begun January 1, 1911, on the agreement of date September 15, 1905; a jury was waived

and trial had by the court, and a judgment was rendered against defendants for ten hundred thirty-seven and 50-100 ($1,037.50) dollars and costs of the suit.

Defendants contend that the written agreement of September 15, 1905, was without consideration; that it is unilateral; that action thereon is barred by the five year statute of limitations; that the agreement was a personal one to Kincaid, and was not a matter of assignment, and no recovery can be had thereon for the use of any other person; and that before bringing this action it was necessary that the shares of stock be tendered by the plaintiff on demand for payment. Upon all of these contentions, propositions of law were submitted by defendants to the trial court and refused by it.

Upon the contention that the agreement was without consideration. It was unnecessary that any consideration for the undertaking should pass, or be a benefit to, the defendants; they were officers or directors in the corporation and promoting it, and the promise to purchase this stock by defendants was part of the original undertaking by Kincaid and the consideration therefor was received by and passed to the corporation which defendants were then promoting, and this was sufficient consideration for their agreement to purchase of date September 15.

On the contention that the agreement is unilateral and lacks mutuality. If this agreement was the sole transaction between plaintiff and defendants this contention might be well founded, but the original purchase of the stock by Kincaid and the written agreement by defendants were part of one transaction, and even though the written agreement considered alone lacks mutuality, this will not necessarily defeat an action thereon. Where a unilateral contract has been performed by one party and the consideration for its execution has been received by the other party, the party who has performed may insist on the fulfillment

of the contract. Plumb v. Campbell, 129 Ill. 101; Seyferth v. G. & S. R. R. Co., 217 Ill. 487.

The contention that the agreement of September 15, 1905, is a parole agreement because it is not complete in itself but requires oral proof to show its acceptance by plaintiff before recovery can be had; and under the rule of law that where an oral agreement rests partly in writing and partly in parole it must be held to be a parole agreement and be controlled by the five year's statute of limitations, cannot be maintained where the agreement in writing is so complete in itself that in order to enforce its execution nothing remains but to show acceptance on the part of the party seeking to enforce it, but the agreement cannot be held to rest partly in parole and partly in writing and be governed by the statute of limitations concerning parole agreements. While it is true that where the agreement rests partly in parole and partly in writing it is construed as a parole agreement, this agreement is not of that character. Plumb v. Campbell, *supra*; Ames v. Moir, 130 Ill. 582.

Upon the contention that the agreement is not assignable and was a personal privilege to Kincaid, without determining the question of its assignability, the stock and the agreement were pledged as security for an indebtedness due the usee from Kincaid, and to invest the usee with the right to accept the pledge as security and maintain an action in Kincaid's name for its use upon the collateral so pledged, no assignment was necessary; Kincaid is the plaintiff and it is immaterial to defendants for whose use the action is brought, whether it be the usee named or the trustee in bankruptcy; if there is any question between the usee and the trustee as to who is legally entitled to the fund when returned, that can be determined in a bankruptcy proceeding.

Upon the question of tender. By the letter of September 9, sent to defendants and received by them, demand was made that they perform this agreement;

this was before suit was brought, defendants had consulted counsel and had determined to refuse performance. When it is shown tender would be useless or unavailing, it is unnecessary to make it, even if it was a condition precedent, where liability is denied and performance refused, no return of the stock or offer to return is necessary before bringing the action.

It was discretionary with the court to permit the filing of an additional count by plaintiff after the close of the evidence. The bringing of the certificates of stock into court for delivery to defendants was all that plaintiff was required to do. Osgood v. Skinner, 211 Ill. 229; Clark v. Weis, 87 Ill. 438.

Defendants insist that at the time of the execution of the agreement by them the stock was worth par value and so continued until 1907, that the delay by plaintiff in demanding performance is unreasonable, that having taken the stock when it was at par value and holding it during two years or more while it continued at par, he should not be permitted to hold it more than five years at a time when the corporation had become insolvent and the stock worthless, and then force defendants to purchase it at par. It is too late now for defendants to undertake to seek a new agreement; they did not limit the time when performance should be demanded by plaintiff but agreed to purchase it *at any time*. The court cannot alter the terms or conditions of the agreement as made.

The propositions held and refused by the court were in accordance with the finding of the court and they were properly marked held or refused by it.

The finding of the trial court is fully justified by the record, and the judgment of that court is accordingly affirmed.

*Affirmed.*