People of the State of Illinois ex rel. Edward J. Barrett, Plaintiff, v. Rio State Bank, Defendant.
Charles H. Albers, Rio State Bank Receiver, Appellant, v. M. D. Landon, Administrator of Estate of Sam Lavis, Deceased, Intervening Petitioner, Appellee.

Gen. No. 9,317.

Opinion filed January 26, 1939.
Rehearing denied May 2, 1939.

L. Fred O'Brien, of Galesburg, for appellant.

Woolsey, Stickney & Lucas, of Galesburg, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

The Rio State Bank of the town of Rio closed on March 26, 1937, and is now in charge of a receiver for liquidation. During his lifetime Sam Lavis, who died on December 24, 1936, had a savings account in the bank of $6,122.11. The account shows a deduction of $5,000 made on March 3, 1933, which it is conceded was not an ordinary withdrawal by Mr. Lavis. The legal consequences of the transactions between the bank and Mr. Lavis, resulting in this reduction of his account is a matter of controversy between the receiver and the administrator of the estate of Sam Lavis.

The administrator filed an intervening petition in the receivership proceeding, praying for an order of court finding an instrument in writing is an obligation of the bank and that the petitioner is entitled to have the writing allowed as a claim against the bank to the amount of $5,000 (less $150 paid thereon), as of equal standing with depositors of the bank. Under the allegations of the petition and the evidence introduced by the petitioner, the case was presented by the petitioner on the theory that the bank had represented to Lavis that the writing was an absolute obligation of the bank to pay him the $5,000 withdrawn from his account with 3 per cent interest, 3 years after the withdrawal. The court, however, found that the writing was without consideration and therefore unenforcible. Thereupon the court entered an order allowing the petitioner a claim against the bank for $5,000, less $150. The order reciting, ''The same be and hereby is allowed as the claim of a depositor of said bank and of equal standing with all other depositors of said bank, and said amount is ordered to be paid by said Receiver of said bank out of the assets of said bank.'' The petition also prays for such other and further relief as the court may seem just and proper in the premises. It is not contended by the receiver that the

decree awards relief not prayed for in the petition. No cross errors are assigned and we must pass on the order as it stands.

The instrument in writing was introduced in evidence by the petitioner as Exhibit 1, and it is in words and figures as follows: "Rio, Illinois, October 24, 1933. In consideration of certain deferred certificates of deposit of the Rio State Bank (representing contributions to the bank and subordinated to all deposit and creditor liabilities but payable before any distribution to stockholders as such) dated April 28, 1933, drawing interest at the rate of 3 per cent per annum from March 3, 1933, totaling in all $22,500.00, having been surrendered by the holders thereof, we, the undersigned, stockholders of said bank, hereby pledge to vote for the payment of the said $22,500.00 and 3 per cent interest thereon from March 3, 1933, at any time it is possible to pay any part or all of said $22,500.00 and interest thereon and until same is paid in full, out of the future net profits of said bank if and when such net profits are earned (future net profits are operating profits plus recoveries, less charge-offs and proper provision for reserves).

"One of said contributors to the bank is Mr. Sam Lavis for the amount of $5,000. (And $17,500—from others.) Signed

"Claude E. Frankenberger representing 240 shares of bank.

Milton Deatherage representing 100 shares of bank.

R. E. Davidson representing 50 shares of bank.

B. G. Frankenberger representing 10 shares of bank.

Total 400 shares of Rio State Bank."

The instrument was signed by all the stockholders of the bank. Clearly there are no provisions in Exhibit 1, entitling the petitioner to a decree allowing a claim

against the bank of equal standing with depositors of the bank.

In the order, the court finds that the bank obtained the deferred certificate mentioned in Exhibit 1, from Sam Lavis and in exchange therefor, delivered to him Exhibit 1. Also, that there was no consideration for the surrender of the deferred certificate by Lavis. Exhibit 1, recites that the promise made therein, is in consideration of the surrender of the deferred certificate. The surrender of the deferred certificate was the voluntary act of Lavis and the price paid for the promise made in Exhibit 1, by the stockholders of the bank. If the surrender of the deferred certificate by Lavis was a benefit to the bank, or even to the depositors, or the creditors thereof, the pledge, or promise, of the stockholders of the bank to pay Sam Lavis $5,000, as provided by the terms of Exhibit 1, was supported by a sufficient consideration. (*Post v. First Nat. Bank of Springfield*, 138 Ill. 559; *Kincaid v. Overshiner*, 171 Ill. App. 37; *Loeb v. Flannery*, 148 Ill. App. 471; *McKinney v. Armstrong*, 97 Ill. App. 208.

The bank suspended operations on March 4, 1933, at the beginning of the "bank moratorium." Before the bank was permitted to resume the banking business, the state auditor required, among other things, that the bank raise about $22,500, as a reserve to cover probable losses and to conserve the assets of the bank for its depositors. It clearly appears from the record, that the execution, the acceptance and the subsequent surrender of the deferred certificate were indispensible transactions forming a part of the plan to reopen the bank and to secure protection for its depositors. The motive of Mr. Lavis for joining in the plan to benefit the bank and its depositors is of no legal consequence. His savings account was in fact reduced by the amount of $5,000, which was added to the reserve of the bank. This withdrawal from his account was a contributing factor to the opening of the bank and securing pro-

tection to its depositors. The withdrawal was made with the consent of Mr. Lavis and he understood, when the withdrawal was made, that he with other persons, was joining in and contributing to a co-operative plan to reopen the bank and to protect its depositors, including himself as one of the depositors. The court in its order, found as follows: ''The Court finds that all the managing officers and stockholders and said bank were benefited by the said deduction of said sum of Five Thousand ($5,000.00) Dollars from said depositor's savings account and by the issuance of said deferred certificate of deposit and by the said delivery of the said instrument in writing (Exhibit A and Petitioner's Exhibit 1) to the said decedent.''

It would serve no useful purpose to state in detail the allegations of the petition, and the oral testimony introduced by the petitioner to support the petition. It is admitted by the receiver that the petitioner is entitled to the allowance of a claim against the bank to the amount of $5,000 deferred, or subordinated, to the claims of depositors and creditors of the bank, but preferred, with other claimants in the same position as the petitioner, to the stockholders of the bank.

The order appealed from is reversed and the cause remanded to the circuit court of Knox county with directions to allow the petitioner a claim of $5,000, against the said Rio State Bank deferred to the claims of depositors and creditors of the bank, but preferred before distribution of the assets of the bank to the stockholders thereof.

*Reversed and remanded.*