HENRY MEYLINK, Appellee, v. DAVID A. RHEA *et al.,*
Appellants.

**Agency:**  SALE OF LAND.  Where a wife is advised of the offer to
1    purchase the husband's land and tells him to go ahead and sell
on such terms as he thinks best she is bound by his agreement.

**Land Contract:**  LAW GOVERNING:  STATUTE OF FRAUDS.  The validity
2    of a contract for the sale of land is to be determined by the law
of the state where the land is situated.

*Appeal from Sioux District Court.*—HON. WM. HUTCHIN-
SON, Judge.

FRIDAY, MARCH 11, 1904.

ACTION in equity to enforce the specific performance of
a contract to convey real estate.  Decree for plaintiff, and de-
fendants appeal.—*Affirmed.*

*Struble & Struble* for appellants.

*Orr & Te Paske* for appellee.

BISHOP, J.—On March 13, 1902, the defendant, David
A. Rhea, was the owner of a farm consisting of one hundred
sixty acres situated in Sioux county, this state.  At that time,
and since, said Rhea, with his wife and codefendant, Bessie
Rhea, resided in the state of South Dakota.  The claim of
plaintiff is that on the date named he entered into an oral
contract with defendants whereby they sold and agreed to
convey to him the said lands in Sioux county at the agreed
price of $59 per acre; that at the time of such agreement
plaintiff paid to defendants in part payment of the considera-
tion for such sale the sum of $10 in money.  The defend-
ants, in pleading, deny the agreement alleged.  As a further

defense they say that the agreement alleged, conceding the existence thereof, was made in the state of South Dakota, and that the same was and is void under the statute of frauds of that state.

I. First, then, as to the making of the contract. The defendant David Rhea as a witness admits that he entered into an agreement for sale with plaintiff, and admits that he re-

1. AGENCY: sale ceived the sum of money on account thereof al-
of land.     leged by plaintiff. The defendant Bessie Rhea denies the agreement, and denies knowledge that any money was paid her husband on account of any agreement for sale. We cannot rehearse the testimony bearing upon the question thus made. It will be sufficient to say that the transaction took place at the home of defendants; that both defendants took part in the negotiations; and that the trial court was warranted in finding that Mrs. Rhea, equally with her husband, was desirous of making a sale, the only question of difference being the price to be paid per acre; that she was fully advised of the offer made by plaintiff for the land, and that in the presence of plaintiff she told her husband to go ahead and make the sale on such terms as he thought best. Accepting such to be the facts, it cannot be important that she was not personally present when her husband finally consented to the sale and received the money in part payment of the purchase price. Having authorized her husband to act in the premises, we think she should be bound by his agreement.

II. Finding that a contract was made as alleged, we may now direct our attention to the question of the validity of such contract as affected by the statute of frauds in force

2. LAND con- in the state of South Dakota. It is the statute
tract: law gov-
erning.     of that state that a contract for the sale of real property, or of any interest therein, is invalid unless the same, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged. Comp. Laws, S. D. 1897, section 3544. The statute, it will be observed, strikes at the contract itself, and it admits of no exception. In both respects it differs from the provisions of our own

statute upon the subject. Under the law of this state we are not required to hold all such contracts invalid. The question is one of evidence only, the statute going no further than to declare under what conditions such contracts are provable. Thus, by Code, section 4625, it is provided that no evidence of a contract for the creation or transfer of any interest in lands, except leases for a term not exceeding one year, is competent unless it be in writing, and signed by the party charged. And to this rule an exception is found in section 4626, it being there provided that the preceding section does not apply where the purchase money, or any portion thereof, has been received by the vendor. Manifestly, if the validity of the contract, and the right to a decree based thereon, is to be determined by the law of South Dakota, the place where made, then the plaintiff must fail. In legal contemplation he has no contract. If, on the other hand, the rights of plaintiff are to be determined according to the provisions of our own statute, he is clearly entitled to recover, and the decree entered by the trial court should be affirmed. The question for our determination, therefore, is, by the law of which state are the rights of the parties to be governed? This, we think, is not an open question in this state. The rule is that the validity of transfers of real estate is determined by the *lex loci rei sitae.* This rule is applicable not only to the form and manner of the conveyances or contracts affecting lands, but to the rights of parties thereto, and their capacity to contract. *Doyle v. McGuire,* 38 Iowa, 410; *Acker v. Priest,* 92 Iowa, 610; *Manton v. Seiberling,* 107 Iowa, 534. The case last cited fairly presents the point. There a mortgage of real estate situated in this state was executed in the state of Ohio. Suit having been brought to foreclose in the courts of this state, the validity of the mortgage was attacked for the reason that the same was made in contemplation of insolvency, with the intent to prefer creditors, and it was made to appear that under the laws of Ohio such contracts inure to the equal benefit of all creditors in proportion to the amount of

.their respective claims. By the law of this state a debtor may prefer one creditor over another, provided he does not do so by a general assignment. It was held that, the real estate being situated in this state, the validity of the security must be determined by the law of this state. The rule announced in the cases cited is supported by the general current of decisions in other states, and we are content to adhere thereto.

It follows that the decree must be and it is AFFIRMED.