HOME LAND & CATTLE CO. v. McNAMARA et al.

(Circuit Court of Appeals, Seventh Circuit. January 10, 1906.)

No. 1,201.

1. DAMAGES—BREACH OF CONTRACT—LAW GOVERNING.

A contract made in Illinois for the purchase and sale of cattle then in Montana, and to be there delivered, in the absence of any provision or extrinsic circumstances indicating a different intention, is governed by the law of Montana, where it was to be executed with respect to the measure of damages for its breach.

2. SAME—STIPULATION FOR LIQUIDATED DAMAGES—MONTANA STATUTE.

A contract for the purchase and sale of a large number of beef cattle to be executed in Montana, provided that in case of failure to deliver a certain number the seller should pay to the buyer a stipulated sum per head for the number short. Mont. Civ. Code 1895, §§ 2243, 2244, provide that stipulations in a contract for liquidated damages for its breach

shall be void, except where "from the nature of the case it would be impracticable or extremely difficult to fix the actual damage." *Held*, that the contract could not be said, as matter of law, to be within the exception so as to justify the court in instructing the jury that the measure of damages for a failure to deliver the required number of cattle was that stipulated for in the contract.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, §§ 164–168.]

3. TRIAL—OBJECTION TO EVIDENCE—ESTOPPEL.

The fact that a party objects to the admission of evidence offered to establish a certain measure of damages does not estop him from objecting that an alternative measure adopted by the court is erroneous.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

The facts are stated in the opinion.

Wm. Brace, for plaintiff in error.
Merritt Starr, for defendant in error.

Before GROSSCUP, BAKER and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. This case—an action at law in the Circuit Court to recover the purchase price of cattle delivered by plaintiff in error to defendants in error—was here once before (McNamara & Marlow v. Home Land & Cattle Co., 121 Fed. 797, 58 C. C. A. 245) the judgment of the court below being reversed, chiefly because McNamara and Marlow had been excluded from showing damages suffered by them in the failure of the Home Land and Cattle Company to perform the ninth paragraph of the agreement between them.

On the second trial this error was corrected; but in its correction, instead of permitting McNamara and Marlow to prove the actual damages suffered by them, by plaintiff in error's failure to perform, they were allowed the sums stipulated in the paragraph as liquidated damages—the jury being practically instructed to accept the stipulated sum as the measure of damages. And upon this action of the court below, exceptions having been duly preserved, this proceeding in error is chiefly based.

The ninth clause of the contract is as follows:

"Ninth. Said first party hereby guarantees to deliver to said second parties during the season of 1897 not less than nine thousand head (9,000) of steers of the ages of three years old and up, and spayed heifers of the ages of four years and up. Should they fail so to do, they hereby agree to pay to said second parties the sum of twenty dollars ($20.00) in cash for each and every head less than nine thousand (9,000) head of such cattle so delivered."

The statute of Montana (Civ. Code, 1895) in force at the time the agreement was made and the case tried, contains the following provision:

"Section 2243: Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent, void, except as expressly provided in the next section.

"Section 2244: The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

In Illinois there is no statute upon the subject.

Two questions, therefore, are raised. First: Is the ninth clause of the agreement to be governed by the law of Montana, or by the law of Illinois? And if it be governed by the law of Montana, Secondly: Was the subject matter of the contract one in which damages would be impracticable or difficult to ascertain?

The contract was made in Illinois, but the subject matter of the contract was the purchase and sale of cattle then in Montana, to be delivered by the seller to the buyer in Montana. The contract, therefore, especially in its main provision, was one to be executed in Montana.

When confronted with the inquiry under what law a specific contract is to be interpreted and enforced, the principle that governs is this: In view of what law was the contract made. Wayman v. Southard, 10 Wheat. 1, 48, 6 L. Ed. 253. And apart from any circumstance other than the contract itself, we think it obvious that the law in view was the Montana law, where the contract was to be executed. Such, apparently, was the understanding of defendants in error, for they asked and obtained interest upon the default, according to the rates allowed by the laws of Montana. And such must have been the view of the court below, for the interest was allowed according to the Montana law. Indeed, other considerations being equal, the presumption is that the law where the performance is to take place is the law under which the performance shall be governed.

But it is argued, on the authority of Pritchard v. Norton, 106 U. S. 124, 1 Sup. Ct. 102, 27 L. Ed. 104, that assuming that the law of Montana forbade that portion of the contract relating to liquidated damages, such circumstance, alone, shows that the law of Montana was not in the view of the parties, but that, within their view, the contract was to be governed by the law of Illinois, where the contract was made, and where no such prohibition exists. Pritchard v. Norton did not involve, however, the validity or invalidity of a mere subsidiary part of a larger contract. The question presented in that case was the validity or invalidity of the whole contract. Did the sale and purchase of these cattle, as an entirety, depend for validity upon whether the contract was to be governed by the Montana law or the Illinois law, Pritchard v. Norton would perhaps be in point. But such is not the case. The sale and purchase here involved is valid under the law of either state. Damages for failure to perform follow under the law of either state. It is to the measure of damages alone—an incident only to the general and greater purpose of the contract as an entirety—that the circumstance relates; a circumstance that cannot be accepted as showing that the parties meant that the whole contract should be determined by the law of a state other than that where the whole contract was to be performed.

This brings us to the second question, Was the subject matter of the contract one in which damages would be impracticable or difficult to as-

certain? On this question we are without much doubt. Beef cattle, in the matter of market value, are unlike horses or other animals purchased for use as live animals. In the purchase of animals for use as live animals, speed, temperament, docility, lasting qualities, and the like, are all elements that enter into the calculation. Two animals from the same sire and dam, may, on account of difference in quality, in these respects, stand wholly separate in the matter of market value. But beef cattle are not purchased for use as live animals. Their value consists wholly in the value of the carcass after the animal is dead. They are nothing more than beef on the hoof; and constitute, therefore, a staple almost as uniform as other staples. We can safely assume, we think, that taken all in all, one herd of beef cattle will average per head, in the market, about as much as another herd. And the very least that can be said about this part of the case is, that the question of impracticability and difficulty was one to be submitted, along with other questions of fact, to the jury, that it might thereby be determined whether the liquidated damage mentioned in clause nine, or the actual damages, should be taken as the measure of defendant in error's damage.

It is urged, however, by defendants in error, that effort was made by them to introduce evidence showing the impracticability and difficulty of ascertaining the damages under the contract; and also that effort was made by them to introduce evidence showing the value of the cattle in the market—both efforts meeting the objection of the plaintiff in error, and, on such objection, ruled out by the court. As a matter of fact, the court allowed the defendants in error to show, by at least one witness, that in the Chicago market beef cattle of the kind described, and at the time designated for delivery, were worth something like sixty dollars per head. But had this evidence been ruled out, even though erroneously ruled out, that would not have corrected the counter error of fixing a measure of damages not justified by the law. We know of no rule of law that prevented the plaintiff in error from objecting to both methods of ascertaining the damage, or that estopped it by reason of such objection, from urging that neither measure, as finally adopted by the court, is erroneous.

We fail, however, to find any evidence clearly showing an offer upon the part of the defendants in error to show the impracticability or difficulty of ascertaining the actual damage. True, much effort was made to introduce evidence of conversations leading up to the price named in clause nine, and the liquidated damages named. But this bears very remotely, if at all, upon the question involved. It was an attempt, not so much to show that the actual damages could not have been ascertained, as to show in detail the negotiation that led to the ultimate contract. Such negotiations might, or might not throw light upon the question involved.

The view already expressed, that the contract as an entirety is to be governed, under the circumstances shown, by the laws of Montana, disposes of the question of the rate of interest involved, the only other question that in view of a new trial needs to be decided. On the question of interest the court below was not in error.

The judgment of the court below is reversed, with instructions to grant a new trial.