FREEMAN v. FALCONER et al.

(Circuit Court of Appeals, Sixth Circuit.   January 17, 1913.)

No. 2,264.

**1.** PLEADING (§ 214*)—DEMURRER—CONSTRUCTION.

As against a demurrer, the facts well pleaded in the petition must be taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534;  Dec. Dig. § 214.*]

**2.** VENDOR AND PURCHASER (§ 47*)—CONTRACT OF SALE—BREACH—WHAT LAW GOVERNS.

The law of the state where land contracted to be sold is situated governs controversies growing out of the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 79;  Dec. Dig. § 47.*]

**3.** VENDOR AND PURCHASER (§ 351*)—CONTRACT OF SALE—BREACH—VENDOR'S LIABILITY.

Under the Kentucky law, a vendor, in the absence of fraud or bad faith, failing to convey, is liable to the vendee for the difference between the contract price and the value of the land at the making of the contract, instead of at the time for conveyance, and also for such expense as the vendee might reasonably and properly have incurred under the contract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1017, 1047–1058;  Dec. Dig. § 351.*]

**4.** VENDOR AND PURCHASER (§ 349*)—REMEDY OF VENDEE—DAMAGES—PETITION.

Where a vendor of land in Kentucky, without fraud or bad faith, failed to convey because of a failure of title, a complaint by the vendee for breach of contract, failing to allege that at the time the contract was made the land was worth more than the contract price, and failing to show that expenses alleged to have been incurred by him in connection with the contract were reasonable, and such as he was authorized to incur before maps and abstracts had been delivered, was demurrable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1039–1042;  Dec. Dig. § 349.*]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky;  Andrew M. J. Cochran, Judge.

Action by Edward R. Freeman against D. G. Falconer and others. Judgment for defendants, and plaintiff brings error.   Affirmed.

James N. Sharp and C. N. Smith, both of Williamsburg, Ky., for plaintiff in error.

Allen & Duncan and Falconer & Falconer, all of Lexington, Ky., and O. H. Waddle, of Somerset, Ky., for defendants in error.

Before WARRINGTON and DENISON, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge.   This case arises out of a written contract entered into between the appellant, Edward R. Freeman, a citizen of Tennessee (hereinafter called the plaintiff), and the appellees, John A. Geary and others, citizens of Kentucky (hereinafter called

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

201 F.—50

the defendants). It witnesseth on the 12th day of October, 1906, the defendants agreed to sell to the plaintiff all the lands that they owned, within certain boundaries, situated in Pulaski county, Ky., and estimated to be 25,000 acres, for $4 per acre. The land is described by boundaries, and generally as tracts Nos. A, B, and C. It is provided that tracts A and B may contain not less than 8,500 acres, and that tract C may contain not less than 12,750 acres, making the minimum amount of land to be conveyed 21,250 acres.

The defendants were to deliver to the plaintiff a complete map of the lands, giving metes and bounds, and also a complete abstract of title, showing a perfect title in the defendants, and no adverse possession. The plaintiff was to have a reasonable time after the receipt of the map and abstract of title, etc., to investigate the title and to close the transaction, by the defendants executing to plaintiff, or such other grantee as he might name, a general warranty deed, conveying a perfect title to the land, on the compliance by the plaintiff with the terms of payment provided for in the contract. The defendants failed to execute the warranty deed within reasonable time, and the plaintiff filed the petition in this case, wherein are alleged the execution of the contract, and the breach thereof by the defendants, in that they failed and refused to convey or attempt to convey the lands to the plaintiff, for the reason, as is charged, that the defendants—

"have not the fee-simple or any title, or the possession of any material portion of the 8,500 acres, or more, which they undertook to convey to him in tracts A and B, and they have not the fee-simple title to, or the possession of, any but a very small portion of the 11,500 acres which they undertook to convey to him in tract C, and he says that what little land the defendants have in tracts A, B, and C is so cut up into small parcels and so surrounded by other lands, owned and in the adverse possession of other parties, that the same is wholly worthless for any purpose."

It is alleged that the measure of damages is the difference between the value of the land at the date when defendants refused or failed to convey and the price to be paid for it, which difference is alleged to be $3.50 per acre, and, further, that after making the contract the plaintiff, in his efforts to obtain the land from the defendants, and while he was looking to them to do and perform their contract as respects the land, was necessarily compelled to expend in such efforts the sum of $2,000, all of which was lost to the plaintiff. Wherefore suit was brought for $74,375, that being the amount of the difference between the value of the minimum number of acres to have been conveyed and the contract price, and, in addition, for $2,000 as expenses, totaling the sum of $76,375.

The defendants seasonably entered a motion to strike out that portion of the petition wherein it is sought to recover $2,000 for expenses alleged to have been incurred by the plaintiff, and also filed a general demurrer, upon the ground that the petition "failed to state facts sufficiently to constitute a cause of action against them or either of them." The court below sustained both the motion to strike out and the demurrer, with leave to the plaintiff to amend his petition.

This he did not do, and an order was entered dismissing the petition. To this action the plaintiff excepted, and prosecuted a writ of error to this court, and has assigned errors.

We shall not consider the action of the court in sustaining the motion to strike out, but treat the general demurrer as going to the entire petition. The four errors assigned may be treated under one general head, to wit: That the court erred in deciding that the petition did not state facts sufficient to constitute a cause of action against the defendants, or any of them, and in rendering judgment against the plaintiff.

[1] The point raised and presented by the demurrer is whether or not the petition should allege that the defendants had title to the land and refused to convey it, or that they knew they did not have title to any substantial part of said land at the time the contract was made, or bad faith, fraud, or misrepresentation on the part of the defendants which induced plaintiff to enter the contract. As against a demurrer, the facts stated in the petition, that are well pleaded, must be taken as true.

[2] It appears that the land which is the subject-matter of the contract is situated in the state of Kentucky, and we think it is well settled that controversies arising out of contracts for the sale of land must be determined by the law of the state wherein the land is situated (Title Guaranty & Surety Co. v. Witmire [C. C. A. 6th Circuit] 195 Fed. 41, 115 C. C. A. 43; Union Trust Co. v. Bulkeley, 150 Fed. 510, 80 C. C. A. 328; Home Land & Cattle Co. v. McNamara et al., 145 Fed. 17, 76 C. C. A. 47; Kirby Carpenter Co. v. Burnett, 144 Fed. 635, 75 C. C. A. 437; Meylink v. Rhea, 123 Iowa, 310, 98 N. W. 779; Dal v. Fischer, 20 S. D. 426, 107 N. W. 534; Dalton v. Taliaferro, 101 Ill. App. 592; Breckinridge v. Moore, 3 B. Mon. [Ky.] 629); and the rights of the parties to this suit must, therefore, be determined under the laws of the state of Kentucky.

There is no allegation of fraud or bad faith on the part of the defendants, but the allegation, in substance, is that the vendors did not convey because, at the date of their contract, they had title only to a very small part of the land which they contracted to sell.

[3] We understand the rule in Kentucky to be that in contracts for the sale of land situated in that state, and in cases not involving his fraud or bad faith, the vendor, in the event of his failure to convey, is liable to the vendee on the basis of the value of the land at the date of making the contract, rather than such value at some later date contemplated for conveyance; and is liable, also, for such expense as the vendee may reasonably and properly incur under the contract. In the case of Cox's Heirs v. Strode, 2 Bibb (Ky.) 273, 278 (5 Am. Dec. 603), the court said:

"Where there has been no fraud in the transactions, and none is alleged in this case, both parties are equally innocent; and as the purchaser is contending de lucro captando, and the seller de damno evitando, to compel the latter to respond to the former for the rise of value would be directly contrary to the maxim of moral equity which prohibits one man being enriched to the prejudice of another."

And again, in Rutledge v. Lawrence, 1 A. K. Marsh. (Ky.) 396:

"It has been settled by a current of decisions in this court (that where one contracts to convey land, and is, without fraud, unable to make a title, the measure of damages to which the vendee is entitled is the value of the land at tne time of the sale, to be ascertained by the consideration fixed, or other evidence. Where the inability of the vendor has been produced by fraud on his part, a different rule has prevailed; but a failure to convey has never been adjudged to be evidence of a fraudulent inability, and we think ought not to be so adjudged. For an inability to convey may, and frequently does, happen without fraud, and fraud is odious in law, and ought never to be presumed."

To the same effect: Allen v. Anderson, 2 Bibb (Ky.) 415; Davis v. Lewis, 4 Bibb (Ky.) 456; Goff v. Hawks, 5 J. J. Marsh. (Ky.) 341; Young's Ex'rs v. Singleton, 6 J. J. Marsh. (Ky.) 316, 320; Grundy v. Edwards, 7 J. J. Marsh. (Ky.) 368; McMillan v. Ritchie, 3 T. B. Mon. (Ky.) 348, 16 Am. Dec. 107; Combs v. Tarlton's Adm'rs, 2 Dana (Ky.) 465, 468.

[4] Some of these cases seem to say that the consideration paid is the maximum measure of damages—i. e., conclusive evidence of the land value at that date. Others suggest that further evidence might be received to show the value of the land at the date of the contract, and that the excess of this value above the agreed price is the true measure. All of them are dependent upon the idea that the breach occurs when the contract is made. If there is any difference in the Kentucky cases in this respect, it is immaterial to the present case which rule is adopted. If the consideration paid is the measure, the demurrer was good, because it appears that no part of the consideration had been paid. If the value of the land at the date of the contract of sale in excess of the consideration price is the measure, the same result follows, because the declaration does not allege that the land at that time was of any greater value than the price agreed to be paid. The allegation of a greater value refers to a date considerably later, when the defendants refused to convey. The declaration here does not indicate any intent that defendants were to go out and buy land to make up the required amount, but that the contract had reference only to lands then owned by defendants, and accordingly it is thought to be broken when made, and not at the later date, when a conveyance was refused. Without indicating that we would be satisfied with this view of the matter on its merits, we see no other reason upon which can be maintained the distinction of the Kentucky rule between a fraudulent contract or an arbitrary refusal and a contract involving only a good-faith failure of title; and we are bound by the Kentucky decisions.

It is insisted that this line of decisions has been recently overruled by the Kentucky Court of Appeals in Whitworth v. Pool, 96 S. W. 880. This case does not appear in the published volumes of the opinions of the Kentucky Court of Appeals. Indeed, at the hearing, it was agreed that it was by that court marked "not for publication." In this circumstance, conceding for the moment that the court in that case went as far as is insisted by appellant's counsel, we should

be reluctant to follow it, in the face of the many published opinions of that court holding a contrary rule, and in the absence of a declaration by the court in the Pool Case that its decisions in former cases, beginning with Cox's Heirs v. Strode, supra, were overruled.

But the case of Whitworth v. Pool is, we think, clearly distinguishable from the instant case. There the land in question was owned by R. J. Whitworth and his wife, Mary Whitworth, each owning an undivided one-half interest, and they arbitrarily (and so, necessarily, in bad faith) refused to convey it. In the instant case, the defendants did not own the land, and it was for that reason, as is alleged in the petition, they did not convey it. We see no inconsistency in the holdings in Whitworth v. Pool with the former holdings by the Court of Appeals of Kentucky.

Harten v. Löffler, 212 U. S. 397, 29 Sup. Ct. 351, 53 L. Ed. 568, is not applicable under the averments of this declaration and the Kentucky rule as settled by the decisions of that state. Moreover, the measure of damages, as settled in the state of Kentucky, in cases of the character here considered, is sustained by many English authorities, beginning with Flureau v. Thornhill, Blackstone's Reports, vol. 2, and also by courts of the several states, as well as text-writers. Bitner v. Brough, 11 Pa. (1 Jones) 127, 139; Dumars v. Miller, 34 Pa. (10 Casey) 319; Gerbert v. Trustees, 59 N. J. Law, 160, 35 Atl. 1121, 69 L. R. A. 764, 59 Am. St. Rep. 578; Hammond v. Hannin, 21 Mich. 374, 4 Am. Rep. 490 (Judge Cooley); Kent's Commentaries, vol. 4, 479; Field's Law of Damages, § 481.

The further question of the plaintiff's right to recover expenses which it is alleged he was necessarily compelled to incur in his efforts to have said land conveyed to him remains to be considered. The contract provides that the defendants were to furnish the plaintiff with maps and abstracts of title, etc., and that he should have a reasonable time after their receipt to investigate the title to the land, and close the transaction.

The expense the plaintiff incurred is not itemized, nor does he state what he did to incur any expense, further than to say that it was incurred in his efforts to have the land conveyed to him. In the absence of a specific allegation, it is difficult to determine from the contract just what expense he could have properly incurred, for which the defendants would be liable, until after they had furnished to him the maps and abstracts of title, which was not done. It would seem that any expense incurred by him prior to that time was unauthorized and voluntary, and that for such expense defendants would not be liable.

Without pursuing the subject further, we are satisfied with the action of the court below in sustaining the demurrer and dismissing the petition, and it is accordingly affirmed, with costs.